UNITED STATES of America

v.

Farren James MASON, Sr., Appellant.

No. 08–3176.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Sept. 16, 2009.

Filed: Sept. 21, 2009.

Robert L. Eberhardt, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Renee Pietropaolo, Esq., Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Appellant Farren Mason, Sr., pleaded guilty to three counts of distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The District Court sentenced him to a within-Guidelines term of 57 months of imprisonment for each count, to be served concurrently. On appeal, he claims that his sentence is both procedurally and substantively unreasonable. We assess procedural and substantive reasonableness by applying the abuse-of-discretion standard. *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir.2009) (en banc). "[A]n abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id.* at 567–68. We will affirm.[1]

First, we do not believe that the District Court misinterpreted the "minor role" provision of the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 3B1.2. "[T]he appropriateness of a minor

---

**1.** The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

role adjustment turns on 'the relativity of [the defendant's] conduct to the total [relevant conduct]....'" *United States v. Isaza–Zapata*, 148 F.3d 236, 239 (3d Cir.1998) (quoting *United States v. Headley*, 923 F.2d 1079, 1085 (3d Cir.1991)). "The defendant bears the burden of demonstrating that ... the minor role adjustment should apply." *Id.* at 240. Here, Mason claims that the District Court improperly focused on his offenses of conviction in determining whether he had a minor role, instead of considering the existence of a larger drug distribution scheme involving additional drug sales by others. But Mason never asserted in the District Court that he was a participant in some larger drug trafficking scheme. In his presentence position papers, Mason presented three reasons for a minor role reduction: 1) "he was selling his nephew's cocaine at his nephew's direction for a fee ..."; 2) "the nephew was selling crack over the course of at least August 2005 through September 2007 ..."; and 3) "the nephew was the source of the crack cocaine in this case...." The second reason suggests that additional drug sales occurred; however, Mason never claimed that these additional drug sales were "jointly undertaken criminal activity" in which he was a participant, or that he otherwise "aided, abetted, counseled, commanded, induced, procured, or willfully caused" them. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1) (defining "relevant conduct" for Guidelines calculations). Indeed, the District Court notified Mason that he could, if he wanted to, argue at sentencing that "his nephew's additional drug dealing is somehow relevant conduct in this case ...," but Mason did not do so. Since Mason made no showing that he was involved in his nephew's additional drug sales or that he otherwise participated in some larger drug trafficking scheme, the District Court properly focused its inquiry on whether the nephew's supplying and directing of Mason's drug sales warranted granting Mason a minor role reduction.

■ Second, we reject Mason's claim that the District Court improperly gave the Guidelines presumptive weight. Mason places undue emphasis on the Court's statement that "the sentencing guidelines ... would only be advisory to the Court, therefore, for good reason, the Court may sentence you outside of the recommended guideline range." The Court made this statement at Mason's guilty plea hearing almost three months prior to Mason's sentencing. It sheds no light on whether the Court presumed the Guidelines to be reasonable at sentencing. Additionally, the Court's statement does not demonstrate a belief that absent "good reason," the Court could not sentence outside of the Guidelines range. At most, the Court's statement reveals an adherence to the notion that "good reason" is *sufficient* to justify a variance from the Guidelines range; it does not show that the Court improperly thought that "good reason" was *necessary* to justify a variance. Similarly, we see no merit in Mason's assertion that, by responding to a call for "leniency" with the statement "I'm bound by the law as well," the Court suggested a belief that varying from the Guidelines was incompatible with the law.

■ Third, we see no error in the District Court's refusal to vary from the Guidelines in order to account for the disparity between Guidelines' recommendations for crimes involving crack and powder cocaine. Here, the District Court determined that "under the circumstances of this case, such a variance is unwarranted." The Court then explained the relevant circumstances: "Defendant's sentence has already been substantially reduced because of [18 U.S.C. § 3553(f) ] and ... [f]urther reduction is not warranted given the seriousness of

the multiple offenses in this case." These statements suggest that the District Court understood that it had the authority to vary from the crack-to-powder ratios contained in the Guidelines, but ultimately decided that such a variance was not warranted. Therefore, the District Court committed no error. *See United States v. Wise*, 515 F.3d 207, 222 (3d Cir.2008) ("[D]istrict courts [are] 'under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential,' [but] a district court 'errs when it believes that it has no discretion to consider the crack/powder cocaine differential ....'" (quoting *United States v. Gunter*, 462 F.3d 237, 248 (3d Cir.2006))).

 Fourth, our review of the record reveals that the District Court adequately "acknowledge[d] and respond[ed] to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir.2007). The Court pointed out that the Bureau of Prisons could adequately treat Mason's medical condition, rendering a reduction in sentence unnecessary "regardless of whether defendant's request is treated as a request for departure or a variance...." As noted above, the Court acknowledged and responded to Mason's request for a variance due to the crack-to-powder ratios. And we see no problem with the District Court's failure to specifically mention Mason's employment history and family ties. Mason cited both in his plea for leniency. Therefore, the Court's specific refusal to grant a

variance based on leniency alone was ample acknowledgment and response.[2] Indeed, the District Court has provided us with "sufficient justifications on the record to support the sentencing conclusions." *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir.2008).

Finally, we believe that Mason's within-Guidelines sentence of 57 months of imprisonment for each count to be substantively reasonable. Accordingly, we will affirm the District Court's judgment. *See Tomko*, 562 F.3d at 568 ("[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.").

**2.** On appeal, Mason complains that the District Court also overlooked other facts at sentencing. We do not agree. Facts like Mason's age, criminal history points, and strained finances were detailed in the Presentence Investigation Report, which the District Court carefully read and considered. Since Mason did not cite to these facts again at

sentencing, the District Court needed to do nothing more. *Tomko*, 562 F.3d at 568 ("A sentencing court does not have to 'discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing.'" (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006))).